UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ADOLFO MOYA SALAZAR, JR.,
Institutional ID No. 01811309

                    Plaintiff,

v.                                  No.  1:26-CV-00057-H

ALBERTO B. GIANNOTTI,

                    Defendant.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that this case should proceed, and that Defendant Alberto B. Giannotti should be ordered to answer or otherwise plead to Plaintiff's excessive-force claim against him.  Dkt. No. 14.  No objections were filed.  The District Court has reviewed the FCR for plain error.  Finding none,[1] the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge.

As a result, the Court will enter a separate order directing service and requiring an answer or other responsive pleading as set forth in the FCR for Plaintiff's excessive-use-of-force claims against Defendant.

Additionally, Plaintiff filed a motion for appointment of counsel to assist him with litigating his case.  Dkt. No. 15.  "A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional

---

[1] The Court notes that the FCR inadvertently misstates the year twice in describing the dates of the events giving rise to this complaint, which should read "2025" instead of "2026."  *See* Dkt. No. 14 at 3, 4.

circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). Although 28 U.S.C. § 1915(e)(1) provides that a court may request an attorney to represent any person claiming *in forma pauperis* status, the courts are not empowered to make compulsory appointments in civil actions. *Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301–02 (1989).

When deciding whether to appoint counsel in a Section 1983 case, the Court may consider several factors, including:

1.      the type and complexity of the case;

2.      the petitioner's ability adequately to present and investigate his case;

3.      the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

4.      the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293, n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock Cnty., Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991))).

After considering the factors above, the Court notes that Plaintiff has not shown that his case is particularly complex. And he has not shown any inability to adequately present and investigate his case or shown that exceptional circumstances are involved to justify the appointment of counsel at this time. Indeed, the Court has determined that Plaintiff's excessive-force claim against Defendant Giannotti was sufficient to survive preliminary screening and will require Defendant to file an answer or other defensive pleading. Thus, the motion for appointment of counsel is denied without prejudice to Plaintiff's right to

request appointment of counsel after the Court has entered a scheduling order or should there be a material change of circumstances.

So ordered.

Dated July 14, 2026.

James Wesley Hendrix
United States District Judge